UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

KEVIN M. PALMER,

    Plaintiff,

v().                                  Case No.:

H2 ST. AUGUSTINE MOTORS, LLC,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Kevin M. Palmer, by and through undersigned counsel, hereby sues Defendant, H2 St. Augustine Motors, LLC, and in support of states as follows:

## NATURE OF ACTION

1. This is an action for monetary damages, costs, and reasonable attorney's fees to redress Defendant's violations of Plaintiff's rights under the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et. seq.* ("ADAAA"), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et. seq.* ("Title VII"), defamation, tortious interference with prospective economic advantage and unpaid wages.

## JURISDICTION AND VENUE

2. This Court has jurisdiction of the claims herein pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under the ADAAA and Title VII.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this district.

## PARTIES

4. Plaintiff is a white male and a resident of Duval County, Florida.

5. Plaintiff worked for Defendant in St. Johns County, Florida.

6. Defendant is a Florida Limited Liability Company.

7. At all times mentioned herein, before and after, the persons responsible for perpetrating discriminatory actions against Plaintiff were agents, servants, and employees of Defendant and were at all times acting within the scope and course of their agency and employment, and/or the actions were expressly authorized by Defendant and/or their actions were ratified by Defendant, thus making Defendant liable for said actions.

8. Plaintiff is considered an "employee" within the meaning of the ADAAA and Title VII.

9. Defendant is considered an "employer" within the meaning of the ADAAA and Title VII.

10. Plaintiff is "disabled" as defined by the ADAAA.

11. Defendant knew of Plaintiff's disabilities during his employment.

12. Plaintiff was a "qualified individual" as defined by the ADAAA during his employment with Defendant.

## PROEDURAL REQUIREMENTS

13. Plaintiff timely dual-filed a charge of discrimination against Defendant with the Florida Commission on Human Relations and the Equal Employment Opportunity Commission ("EEOC") on or about May 12, 2021.

14. The EEOC issued a "Dismissal and Notice of Rights" letter on December 15, 2021 authorizing an action to be commenced within ninety (90) days of receipt of that letter.

15. This complaint was filed within ninety (90) days of receipt of the "Dismissal and Notice of Rights" letter.

## STATEMENT OF FACTS

16. On or about May 20, 2020, Plaintiff began his employment with Defendant as a Finance Director.

17. As a child, Plaintiff was diagnosed with Attention Deficit Disorder ("ADD") and Attention-Deficit Hyperactivity Disorder ("ADHD").

18. ADD and ADHD affects Plaintiff's focus and short term attention span.

19. Shortly after beginning employment with Defendant, Plaintiff's supervisor, Chris Jordan ("Mr. Jordan"), began to harass Plaintiff regarding his intelligence by repeatedly asking Plaintiff "can you do anything right" and telling him to "go work at McDonald's".

20. In or around September 2020, Plaintiff required leave to care for his own disability relating to a dental abscess.

21. The dental abscess caused Plaintiff difficulty chewing, biting and swallowing and further inhibited his ability to speak without immense pain.

22. While on leave, Mr. Jordan told Plaintiff that if Plaintiff wanted to keep his job he needed to get his ass back to work, to "stop being a bitch" and to "suck it up pussy".

23. During Plaintiff's employment with Defendant, Mr. Jordan referred to Plaintiff and African American customers of Defendant as a "n-word".

24. Other co-workers of Defendant also referred to African American customers of Defendant as a "n-word".

25. As this harassment continued, Plaintiff filed a complaint with Human Resources, and officers of the Defendant, but no corrective action was taken.

26. Shortly after filing the complaint, Plaintiff was terminated on or about October 13, 2020.

27. On or about October 15, 2020, Plaintiff was sent his final paycheck wherein over $13,000.00 in wages was unlawfully withheld.

28. Shortly after being unlawfully terminated, Defendant and their agents told prospective employers of Plaintiff that Plaintiff was a "thief" and that Defendant had "a pending criminal case" against Plaintiff. Both of these defamatory statements are false.

29. Plaintiff has satisfied all conditions precedent, or they have been waived.

30. Plaintiff has retained the undersigned the undersigned attorney and agreed to pay him a fee.

## CLAIMS FOR RELIEF

### Count I – Discrimination in Violation of the ADAAA

31. All allegations prior to Count I are reallaged and incorporated herein.

32. After Plaintiff requested leave as an accommodation, he began to receive disparate treatment, as compared to his non-disabled similarly situated co-workers, from Defendant that ultimately led to his termination.

33.     Defendant terminated Plaintiff because of his disabilities.

34.     Defendant's discharge of Plaintiff because of his disabilities constitutes discrimination against Plaintiff with respect to the terms, privileges, conditions of his employment.

35.     As a direct and proximate cause of Defendant's unlawful termination of Plaintiff, Plaintiff has been damaged and is entitled to relief set forth in the Prayer for Relief below.

### Count II – Retaliation in Violation of the ADAAA

36.     All allegations prior to Count I are reallaged and incorporated herein.

37.     Plaintiff engaged in protected activity by filing a complaint with Defendant prior to his termination regarding unlawful discrimination under the ADAAA.

38.     Defendant took an adverse employment action by terminating Plaintiff.

39.     Defendant took the adverse employment action because of Plaintiff's protected activity.

40.     As a direct and proximate cause of Defendant's unlawful termination of Plaintiff, Plaintiff has been damaged and is entitled to relief set forth in the Prayer for Relief below.

### Count III – Retaliation in Violation of Title VII

41.     All allegations prior to Count I are reallaged and incorporated herein.

42. Plaintiff engaged in protected activity by filing a complaint with Defendant prior to his termination regarding violations of Title VII.

43. Defendant took an adverse employment action by unlawfully terminating Plaintiff.

44. Defendant took the adverse employment action because of Plaintiff's protected activity.

45. As a direct and proximate cause of Defendant's unlawful termination of Plaintiff, Plaintiff has been damaged and is entitled to relief set forth in the Prayer for Relief below.

## **COUNT IV – DEFAMATION UNDER FLORIDA COMMON LAW**

46. All allegations prior to Count I are realleged and incorporated herein.

47. Defendant made false and defamatory statements by telling prospective employers of Plaintiff that Plaintiff was a "thief" and that Defendant had "a pending criminal case" against Plaintiff.

48. Defendant knew that Plaintiff was not a thief and that Defendant had no pending criminal case against Plaintiff.

49. Defendant's statements to Plaintiff's prospective employers has caused Plaintiff actual damages in the form of lost employment and is entitled to relief set forth in the Prayer for Relief below.

## COUNT V – TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE UNDER FLORIDA COMMON LAW

50. All allegations prior to Count I are realleged and incorporated herein.

51. Defendant knew of Plaintiff's prospective economic advantage with other employers.

52. Defendant intentionally and without justification told prospective employers of Plaintiff that Plaintiff was a "thief" and that Defendant had "a pending criminal case" against Plaintiff.

53. Defendant's interference has caused Plaintiff actual damages in the form of lost employment and is entitled to relief set forth in the Prayer for Relief below.

## COUNT VI – UNPAID WAGES UNDER FLORIDA COMMON LAW

54. All allegations prior to Count I are realleged and incorporated herein.

55. Plaintiff worked for Defendant and Defendant agreed to pay Plaintiff for his services.

56. Defendant failed to pay Plaintiff all "wages" to him, including the commissions and bonuses he is owed from Defendant.

57. As a result of the foregoing, Plaintiff has suffered damages and is entitled to relief set forth in the Prayer for Relief below.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests:

(a) That process issue and that this Court take jurisdiction over the case;

(b) Judgement against Defendant in the amount of Plaintiff's unpaid wages, back wages and back benefits, front-pay, compensatory damages, including emotional distress damages, in an amount to be proved at trial, liquidated damages, punitive damages, and prejudgment interest thereon;

(c) All costs and reasonable attorney's fees in litigating this matter (including expert fees); and

(d) For such further relief as this Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all triable issues herein.

Respectfully submitted this 15th day of March, 2022 by:

/s/ Jason B. Woodside
Jason B. Woodside, Esq.
FL Bar No. 104848
Woodside Law, P.A.
100 South Ashley Drive
Suite 600
Tampa, FL 33602
T: (813) 606-4872
F: (813) 333-9845
Email:Jason@woodsidelawpa.com
*Trial Counsel for Plaintiff*